

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

KATHY F. SMITH                                                                    PLAINTIFF

vs.                                                     Cause No. 3:17-cv-71 HTW-LRA

MADISON COUNTY, MISSISSIPPI, by and
through its Board of Supervisors; MADISON
COUNTY SHERIFF'S DEPARTMENT; MADISON
COUNTY DETENTION CENTER; SHERIFF
RANDY TUCKER, individually and in his official
capacity; CHUCK McNEAL, individually and in his
official capacity; BRIAN WATSON, individually and
in his official capacity; and JOHN DOES 1-10                          DEFENDANTS

## COMPLAINT
### (JURY TRIAL DEMANDED)

Plaintiff, Kathy F. Smith, by and through her attorneys of record, files this her Complaint

against Defendants, Madison County, Mississippi; Madison County Sheriff's Department; Madison

County Detention Center; Sheriff Randy Tucker, individually and in his official capacity; Chuck

McNeal, individually and in his official capacity; Brian M. Watson, individually and in his official

capacity; and John Does 1-10. In support thereof, Plaintiff states as follows:

### PARTIES

1.      Plaintiff, Kathy F. Smith, is an adult resident citizen of Mississippi and resides at 5330

North State Street, Lot 82, Jackson, Mississippi 39206.

2.      Defendant, Madison County, Mississippi, is a political subdivision of the State of

Mississippi and the chief policy making and administrative unit of Madison County, Mississippi,

thereby responsible for oversight of the Madison County Detention Center. This Defendant may be

served with process by affecting the same upon the Chancery Clerk of Madison County, Mississippi, or upon Trey Baxter, President of the Madison County Board of Supervisors.

3.     Defendant, Madison County Sheriff's Department, is the chief law enforcement agency of Madison County, Mississippi, and the agency over the Madison County Detention Center. This Defendant may be served with process by affecting same upon Randy Tucker, Sheriff of Madison County, Mississippi.

4.     Defendant, Madison County Detention Center, is a county-owned jail with its principal place of business located in Canton, Madison County, Mississippi.  This Defendant may be served with process by affecting same upon Chuck McNeal, Jail Administrator of the Madison County Detention Center.

5.     Defendant, Randy Tucker, is the Sheriff of Madison County, Mississippi, and may be served with process at the Madison County Sheriff's Department, 2941 U.S. Highway 51, Canton, Mississippi, 39046.  This Defendant is being sued individually and in his official capacity as Sheriff.

6.     Defendant, Chuck McNeal, is the Jail Administrator of the Madison County Detention Center and may be served with process at 2935 U.S. Highway 51, Canton, Mississippi, 39046.  This Defendant is being sued individually and in his official capacity as Jail Administrator of the Madison County Detention Center.

7.     Defendant, Brian Watson, is the Warden of the Madison County Detention Center and may be served with process at 2935 U.S. Highway 51, Canton, Mississippi, 39046.  This Defendant is being sued individually and in his official capacity as Warden of the Madison County Detention Center.

8.     Defendants, John Does 1-10, are individuals and/or entities whose identities are unknown to the Plaintiff as this time.  Through the discovery process it is believed that their true and

accurate identities will become known, and at that time, the Plaintiff will seek leave of this Honorable Court to amend her Complaint and to specifically name the unknown persons and/or entities as Defendants to this action.

## JURISDICTION AND VENUE

9.      This Court has subject matter jurisdiction over this controversy pursuant to 42 U.S.C. § 2000e et seq., 29 U.S.C. § 623 et seq., 29 U.S.C. § 206 et seq., 42 U.S.C. § 1983, and 28 U.S.C. § 1331.

10.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

## FACTS

11.      On or about July 13, 2009, Ms. Smith, a forty-nine (49) year old African American female, began working as a Detention Officer at the Madison County Detention Center where she ascended to the rank of Lieutenant.

12.      On or about June 19, 2015, Ms. Smith was summarily discharged for being an African American female and over forty (40) years of age.

13.  There had been no disciplinary actions taken against Ms. Smith in the two (2) years prior to her termination, and only a couple months prior to her termination Chuck McNeal commended her job performance.

14.      Ms. Smith was treated differently, and her conduct was treated differently, than that of male employees.  Ms. Smith was replaced by a younger male.

15.      During her employment, Ms. Smith was paid less than Caucasian males performing the same duties.

16.     The wrongful termination of Ms. Smith was in violation of her procedural and substantive due process rights, the employment rules and regulations of the Madison County Detention Center and the employment rules and regulations governing Madison County, Mississippi, employees.

17.     Defendants' termination of Ms. Smith was on an illegal and improper basis despite her qualifications and performance and in deliberate indifference to her rights. Defendants had no legitimate nondiscriminatory reason for terminating Ms. Smith.

18.     As a result of Defendants' conduct which was willful and malicious, Ms. Smith sustained damages and losses, including, but not limited to, conscience suffering, emotional distress, psychological distress, mental anguish, humiliation, embarrassment, loss of past and future income, loss of past and future wage earning capacity, and other damages.

## COUNT I – DISCRIMINATION IN VIOLTION OF THE AGE DISCRIMINATION IN EMPLOYMENT ACT ("ADEA")

19.     Plaintiff incorporates the allegations of paragraphs 1 through 18 as if fully recited herein.

20.     At all relevant times, Ms. Smith was an employee of the Madison County Detention Center which is under the direction of the Madison County Sheriff's Department and Madison County, Mississippi, which all employ the requisite number of employees (over 20) and meet the definition of "employer" under the ADEA.

21.     Defendants owed a duty to Ms. Smith, a member of the protected class, not to discriminate against her on the basis of age in violation of the ADEA.

22.     Defendants knew or should have known of the discriminatory conduct against Ms. Smith.

23.     Ms. Smith at all relevant times was fully qualified for her position, had a successful performance record, and met her employers' legitimate expectations of job performance.

24.     Defendants wrongfully and intentionally discharged Ms. Smith because of her age in deliberate indifference to her rights.

25.     After her termination, Defendants searched to fill the position and replaced Ms. Smith with a younger individual with lesser or comparable qualifications.

26.     Defendants had no legitimate nondiscriminatory reason for the decision to terminate Ms. Smith.

27.     As a direct and proximate result of Defendants' actions, Ms. Smith suffered and continues to suffer damages which include past and future wage loss, conscience suffering, emotional distress, psychological distress, mental anguish, humiliation, embarrassment, loss of past and future wage earning capacity, loss of opportunity, loss of a raise in salary, loss of benefits, and other damages and injuries.

28.     The Equal Employment Opportunity Commission issued a Notice of Right to Sue, and this action was filed within ninety (90) days from receipt of said Notice.  *See* Exhibit "A", Notice of Right to Sue.

### COUNT II – DISCRIMINATION IN VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 ("TITLE VII")

29.     Plaintiff incorporates the allegations of paragraphs 1 through 28 as if fully recited herein.

30.     At all relevant times, Ms. Smith was an employee of the Madison County Detention Center which is under the direction of the Madison County Sheriff's Department and Madison

County, Mississippi, which all employ the requisite number of employees (over 15) and meet the definition of "employer."

31.     Defendants owed a duty to Ms. Smith, a member of the protected class, not to discriminate against her on the basis of sex in violation of Title VII.

32.     Defendants knew or should have known of the discriminatory conduct against Ms. Smith.

33.     Ms. Smith at all relevant times was fully qualified for her position, had a successful performance record, and met her employers' legitimate expectations of job performance.

34.     Defendants wrongfully and intentionally discharged Ms. Smith, and previously paid her less than males performing substantially the same work, because of her sex in deliberate indifference to her rights.

35.     After her termination, Defendants searched to fill the position and replaced Ms. Smith with a male with lesser or comparable qualifications.

36.     Defendants had no legitimate nondiscriminatory reason for the decision to terminate Ms. Smith.

37.     As a direct and proximate result of Defendants' actions, Ms. Smith suffered and continues to suffer damages which include past and future wage loss, conscience suffering, emotional distress, psychological distress, mental anguish, humiliation, embarrassment, loss of past and future wage earning capacity, loss of opportunity, loss of a raise in salary, loss of benefits, and other damages and injuries.

## COUNT III – 42 U.S.C. § 1983 AND DUE PROCESS UNDER THE FOURTEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION

38.     Plaintiff incorporates the allegations of paragraphs 1 through 37 as if fully recited herein.

39.     Ms. Smith had a property interest in her employment and was terminated by Defendants without notice and without hearing, infringing upon her rights.

40.     Defendants owed a duty to Ms. Smith to provide her notice and the opportunity to be heard.  Ms. Smith was terminated in violation of her substantive and procedural due process rights.

41.     Defendants and/or their employees or agents at all times acted under color of state law.  Defendants are charged with the formulation and implementation of customs, practices, policies, and/or directives complained of herein, and thereby committing or causing the acts or omissions which deprived Ms. Smith of her civil and constitutional rights, under color of state law.

42.     Defendants' conduct knowingly deprived Ms. Smith of rights, privileges, and/or immunities guaranteed under federal law and/or the United States Constitution.

43.     Defendants further knowingly failed to comply with their own policies and procedures in terminating Ms. Smith, depriving her of her due process rights.

44.     As a direct and proximate result of Defendants' conduct and actions, Ms. Smith suffered and continues to suffer damages which include past and future wage loss, conscience suffering, emotional distress, psychological distress, mental anguish, humiliation, embarrassment, loss of past and future wage earning capacity, loss of opportunity, loss of a raise in salary, loss of benefits, and other damages and injuries.

## COUNT IV – DISCRIMINATION IN VIOLATION OF THE EQUAL PAY ACT

45.     Plaintiff incorporates the allegations of paragraphs 1 through 44 as if fully recited herein.

46.     At all relevant times, Ms. Smith was an employee of the Madison County Detention Center which is under the direction of the Madison County Sheriff's Department and Madison County, Mississippi.

47.     Defendants owed a duty to Ms. Smith, a female, to pay her the same pay as men for substantially equal work.

48.     Defendants paid Ms. Smith less than males to perform substantially the same work in violation of the law.

49.     Defendants knew or should have known of the discriminatory conduct against Ms. Smith.

50.     Ms. Smith at all relevant times was fully qualified for her position, had a successful performance record, and met her employers' legitimate expectations of job performance.

51.     As a direct and proximate result of Defendants' conduct and actions, Ms. Smith suffered and continues to suffer damages which include past and future wage loss, conscience suffering, emotional distress, psychological distress, mental anguish, humiliation, embarrassment, loss of past and future wage earning capacity, loss of opportunity, loss of a raise in salary, loss of benefits, and other damages and injuries.

## COUNT V – FAILURE TO TRAIN AND RESPONDEAT SUPERIOR

52.     Plaintiff incorporates the allegations of paragraphs 1 through 51 as if fully recited herein.

53.     Acting under color of law and pursuant to official policy, custom, and/or practice, Defendants as policymakers failed to adequately train officers, administrators, and personnel they employed in a sufficient manner to protect Ms. Smith from the discriminatory conduct alleged herein which is a direct and proximate cause of the damages alleged herein.

54.     Defendants are liable for the conduct and actions of their employees, representatives, officials, and/or agents.

**WHERFORE, PREMISES CONSIDERED,** Plaintiff requests a trial by jury and demands from Defendants actual, compensatory, and punitive damages in an amount to be determined by the trier of fact, including but not limited to past and future wage loss, back payment, front payment, past and future pecuniary losses, loss of reputation, conscience suffering, emotional distress, psychological distress, mental anguish, humiliation, embarrassment, loss of past and future wage earning capacity, loss of opportunity, loss of a raise in salary, loss of benefits, attorneys' fees, legal interest as allowed by law, all expenses and costs, and other damages and relief as the Court may deem just.

Respectfully submitted, this 2nd day of February, 2017.

KATHY F. SMITH

By: _____
LILLI EVANS BASS (MSB# 102896)
LATOYA T. JETER (MSB# 102213)

OF COUNSEL:

BROWN BASS & JETER, PLLC
1991 Lakeland Drive (39216)
Post Office Box 22969
Jackson, Mississippi 39225
Telephone: (601) 487-8448
Facsimile: (601) 510-9934
Email: bass@bbjlawyers.com
Email: jeter@bbjlawyers.com